UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FONTRISE LENEE CHARLES,

               Movant,                   Case No. 1:18-cv-60

v.                                     Honorable Paul L. Maloney

UNITED STATES OF AMERICA,

               Respondent.

_____/

### AMENDED OPINION AND ORDER

On December 8, 2015, Movant Fontrise Lenee Charles was convicted of 25 counts of making false claims against the United States, in violation of 18 U.S.C. § 287, and 2 counts of filing a false and fraudulent tax return, in violation of 26 U.S.C. § 7206(1). *See* J., *United States v. Charles*, No. 1:15-cr-45 (W.D. Mich.) (ECF No. 97). The Court sentenced Movant to 60 months' imprisonment, followed by three years of supervised release. *See id*. This matter is now before the Court on Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, as well as Movant's motion to request affidavits of her attorneys prior to the deadline for the Government's response brief (ECF No. 17), motion seeking the Court to order an affidavit from Attorney Weiner-Vatter (ECF No. 22), motion to appoint counsel (ECF No. 23), motion for "emergency bail" hearing (ECF No. 24), motion to expedite the Court's disposition of her § 2255 motion (ECF No. 25), and a motion seeking a status update (ECF No. 26).

The Court has carefully reviewed Movant's § 2255 motion, the government's response, and Movant's reply and determines that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, Rules Governing 2255 Cases; *see also Arredondo v. United States*, 178 F.3d

778, 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). For the following reasons, the Court will deny Movant's § 2255 motion to vacate, set aside, or correct her sentence. The Court will also deny Movant's remaining pending motions.

## I.    Background

On March 5, 2015, Movant was indicted on 25 counts of making false claims against the United States, in violation of 18 U.S.C. § 287, and 2 counts of filing a false and fraudulent tax return, in violation of 26 U.S.C. § 7206(1). *See* Indictment, *United States v. Charles*, No. 1:15-cr-45 (W.D. Mich.) (ECF No. 1). Movant retained Attorney Leslie E. Posner and pleaded not guilty on all counts. *See* Min., *Charles*, No. 1:15-cr-45 (ECF No. 5).

On April 28, 2015, Movant, through counsel, filed her first motion for a continuance of her trial date, seeking six additional months to properly prepare for trial. *See* Mot. for Continuance., *Charles*, No. 1:15-cr-45 (ECF No. 12). The Court granted Movant's motion, and trial was scheduled for September 21, 2015. *See* Order *Charles*, No. 1:15-cr-45 (ECF No. 14). On July 13, 2015, Attorney Posner filed a motion to withdraw as Movant's counsel, citing a breakdown in the attorney-client relationship and Movant's disagreement with counsel's legal strategies. *See* Mot. to Withdraw, *Charles*, No. 1:15-cr-45 (ECF No. 13). The Court granted Attorney Posner's motion on July 28, 2015, *see* Order, *Charles*, No. 1:15-cr-45 (ECF No. 22), and an order was entered appointing Attorney Jolene J. Weiner-Vatter to represent Movant, *see* CJA 20 Appointment, *Charles*, No. 1:15-cr-45 (ECF No. 24).

Shortly after her appointment, Attorney Weiner-Vatter filed a motion for a continuance to allow her sufficient time to prepare Movant's defense. *See* 2d Mot. for Continuance, *Charles*, No. 1:15-cr-45 (ECF No. 25). Movant's second motion for a continuance was likewise granted, and trial was scheduled for December 1, 2015, *see* Order, *Charles*, No. 1:15-cr-45 (ECF No. 30). Prior

to trial, Attorney Weiner-Vatter filed motions to exclude evidence, *see Charles*, No. 1:15-cr-45 (ECF Nos. 40, 41, 42, 43, 52, 53), one of which was granted and two of which were denied, *see* Order, *Charles*, No. 1:15-cr-45 (ECF No. 65).

Jury trial began in this matter on December 2, 2015. *See* Min., *Charles*, No. 1:15-cr-45 (ECF No. 66). Following jury selection, Attorney Weiner-Vatter informed the Court that Movant objected to the makeup of the jury because there was only one minority juror, and Movant did not believe that the jury was "representative of the Kalamazoo area." *See* Dec. 2, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 104, PageID.668–69). The parties discussed the method of choosing juries, which included the use of voter rolls, driver's license registrations, and Michigan identification cards. *See id.*, (ECF No. 104, PageID.669). Attorney Weiner-Vatter argued that she attempted to use preemptory challenges to obtain minority jurors but was unable to do so. *See id.*, (ECF No. 104, PageID.670.)

The Sixth Circuit summarized the evidence presented at trial by the Government as follows:

> At trial, the Government presented significant evidence of Charles's guilt, including by calling each of the ten taxpayers associated with the twenty-five tax returns that formed the bases of Counts 1 through 25. The taxpayers each testified that Charles prepared their returns, that the incomes listed on the returns were false, and that they did not give Charles the false information. For example, Bettina Emory's 2013 tax return reported $20,571 in earnings from hair braiding. Emory testified that she reported to Charles that she earned between $100 and $500 as a hair braider that year; she never told Charles that she earned the amount reported on her return, and she did not personally file the return.
>
> Nine other clients provided similar testimony. Six testified that their tax returns falsely reported income from dancing. The three others testified that although their returns correctly stated that they earned income from housekeeping, dancing, or providing childcare, the income amounts reported were substantially higher than the true figures, and they had not provided those higher amounts to Charles. One client testified that Charles recommended that she falsely report dancing income in order to claim a larger refund; when the client protested that she might be audited, Charles remarked that a dance club was near the client's home.

3

> During the testimony of an IRS agent, the Government introduced Exhibit 116a, which presented summary data representing the tax returns Charles had prepared for tax years 2009 through 2013. The district court overruled Charles's renewed objection to the exhibit.

*United States v. Charles*, 702 F. App'x 288, 290 (6th Cir. 2017).

Trial transcripts reveal that Attorney Weiner-Vatter presented a theory of defense that Movant relied upon the information provided to her by her clients, which was often unable to be supported by documentation. *See Charles*, No. 1:15-cr-45, (ECF No. 104, PageID.688–91). In support of that defense, Attorney Weiner-Vatter confronted prosecution witnesses with prior false statements, acts of fraud, and criminal convictions, *See id.*, (e.g., ECF No. 104, PageID.727; ECF No. 105, PageID.854–57, 882, 902–04, 908, 921, 937, 968, 990, 1009, 1032–1033), allowing the defense to maintain that it was the clients, not Movant, who were deceptive, *see id.* Dec. 8, 2015, Tr. (ECF No. 107, PageID.1075–77, 1097–1100, 1104–09, 1112–1175). Attorney Weiner-Vatter also called witnesses who testified that Movant properly prepared their taxes or never witnessed Movant committing fraud, and Movant personally testified at trial, denying any fraud and showing her tax-preparation skills by preparing a sample return online. *See id.*, (ECF No. 107, PageID.1075–77, 1097–1100, 1104–09, 1112-75.

On December 8, 2015, the jury convicted Movant on all counts. *See* J., *Charles*, No. 1:15-cr-45 (ECF Nos. 77, 97). The Court sentenced Movant to 60 months' imprisonment, followed by three years of supervised release. *See id*. (ECF No. 97.)

On June 2, 2016, Movant filed a notice of appeal. *See* Notice of Appeal, *Charles*, No. 1:15-cr-45 (ECF No.99). Thereafter, Attorney Kenneth P. Tableman was appointed to serve as appellate counsel. On direct appeal. Attorney Tableman challenged the sentencing enhancement that was applied based upon this Court's loss calculation and the Court's admission of Exhibit 116a over defense objection of the summary data representing tax returns that Movant prepared for tax years

2009 through 2013. *Charles*, 702 F. App'x at 288, 290. The Sixth Circuit affirmed this Court's judgment finding that the sentencing enhancement did not result in any constitutional violation and any error in the admission of Exhibit 116a was harmless. *Id.*

On January 8, 2018, Movant filed her *pro se* § 2255 motion alleging only "ineffective assistance of counsel." (ECF No. 1, PageID.5.) In her brief in support of her § 2255 motion, Movant first claims that her initial counsel, Attorney Posner, was ineffective because of a lack of communication, the manner of her communications, her failure to "investigate, interview witnesses, or prepare adequately for trial," disclosure of "client confidences," failure to seek funds for or consult with an expert, and lying to Movant. (ECF No. 2, PageID.100–07.) Movant claims Attorney Weiner-Vatter was also ineffective for the above reasons and for her failure to adequately cross-examine witnesses, failure to file post-trial motions, failure to present a "coherent theory of defense," and failure to object to misconduct by the prosecution. (*Id.*, PageID.107–20.) Finally, Movant faults appellate counsel, Attorney Tableman, for not raising claims of ineffective assistance of counsel in Movant's brief on direct appeal. (*Id.*, PageID.127–28.)

In addition to her claims of ineffective assistance of counsel, Movant mentions in her brief that the government failed to disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that Movant suffered "prejudice from sleeping jurors and [a] partial jury," and that there was insufficient evidence to support Movant's conviction and sentence. (ECF No. 2, PageID.120–22, 128–30.)

On June 20, 2018, the Government filed its response, arguing that Movant has presented "no basis for setting aside her conviction." (ECF No. 19.) On July 2, 2018, Movant submitted her reply, arguing that Attorney Posner must submit an affidavit, and Attorney Weiner-Vatter was ineffective in other cases. (ECF Nos. 20 & 21.)

In addition to her § 2255 motion and reply, Movant has also filed a motion to request affidavits of her attorneys prior to the deadline for the Government's response brief (ECF No. 17), motion seeking the Court to order an affidavit from Attorney Weiner-Vatter (ECF No. 22), motion to appoint counsel (ECF No. 23), motion for "emergency bail" hearing (ECF No. 24), motion to expedite this Court's disposition of her § 2255 motion (ECF No. 25), and a motion seeking a status update (ECF No. 26).

## II. Standard of Review

A federal prisoner who moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are an exception to this general rule. *Id*. Claims of ineffective assistance of counsel "'are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision.'" *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

6

Under the *Strickland v. Washington,* 466 U.S. 668 (1984), standard for ineffective assistance of counsel, the movant must show two things. First, "that the attorney's performance fell below 'prevailing professional norms.'" *Monea v. United States*, 914 F.3d 414, 419 (6th Cir. 2019) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "And second, that the attorney's poor performance prejudiced the defendant's case." *Id*. Prejudice is a high bar to clear. *Id*. at 419. The movant must demonstrate that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Davis v. Lafler*, 658 F.3d 525, 536 (6th Cir. 2011)). There are "[n]o particular set of detailed rules" that courts can compare to counsel's conduct to determine whether their representation fell below a minimum standard. *Strickland,* 466 U.S. at 688–89. Rather, courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case[.]" *Id*. at 690.

### III.     Section 2255 Motion

#### A.     Movant's Claims Related to Alleged *Brady* Violations, Prejudice from Sleeping or Partial Jurors, and Insufficient Evidence Are Procedurally Defaulted.

In her brief in support of her § 2255 motion, Movant contends that the government failed to disclose exculpatory evidence, in violation of *Brady*, that Movant suffered "prejudice from sleeping jurors and impartial jury," and that there was insufficient evidence to support Movant's conviction and sentence. (ECF No. 2, PageID.120–22, 128–30.)

However, it is well-established that a § 2255 motion is not a substitute for a direct appeal. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "[C]laims not raised on direct appeal," which are thus procedurally defaulted, "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Alternatively, a petitioner may obtain review of a

procedurally defaulted claim by demonstrating his "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622 (1998). It remains the burden of the petitioner to show either cause and prejudice or actual innocence. *Id.*

Here, to the extent that Movant desires to seek § 2255 relief based upon an alleged *Brady* violation, sleeping or partial jurors, or insufficient evidence, Movant has made no effort to demonstrate any basis on which this Court could excuse Movant's failure to raise such claims on direct appeal. Accordingly, the Court finds that these claims are procedurally defaulted and cannot support any claim for § 2255 relief.

### B.    Claims of Ineffective Assistance of Counsel: Attorney Posner

A review of the Court's docket reveals that Attorney Posner represented Movant from March 18, 2015, until July 28, 2015, when Attorney Posner was granted leave to withdraw due to a breakdown of the attorney-client relationship. *See* Order, *Charles*, No. 1:15-cr-45 (ECF No. 22). In her § 2255 motion, Movant faults Attorney Posner for a lack of communication, the manner of her communications, her failure to "investigate, interview witnesses, or prepare adequately for trial," disclosure of "client confidences," failure to seek funds for or consult with an expert, and lying to Movant. (ECF No. 2, PageID.100–07.) Movant contends in a conclusory fashion that Attorney Posner's actions "prejudic[ed] the Defendant with ineffective assistance of counsel." (*Id.*, PageID.103.)

With respect to Movant's claims regarding an alleged lack of action by Attorney Posner, Movant has failed to show by a preponderance of the evidence how Movant suffered prejudice as a result. Attorney Posner represented Movant for just over four months. Upon her admission to the Western District of Michigan, Attorney Posner sought an additional six months to prepare for trial. Even if Attorney Posner failed to engage in adequate preparation during her time as defense

counsel, when Attorney Weiner-Vatter was appointed, Attorney Weiner-Vatter was likewise granted her request for additional time to allow for adequate for trial preparation.

As discussed above, the requirement of prejudice is a high bar to clear; Movant must demonstrate that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Monea,* 914 F.3d at 419 (quoting *Davis*, 658 F.3d at 536). To do this, she must set forth *facts* supporting her claim. *See* Rule 2(b)(2), Rules Governing Section 2255 Proceedings. Without some factual detail to flesh out her claim of prejudice due to Attorney Posner's alleged ineffective assistance, Movant's allegations are simply too vague and conclusory to entitle her to any relief. *Post v. Bradshaw*, 621 F.3d 406, 419 (6th Cir. 2010) (absent articulation of factual contentions to support ineffective assistance claim, petitioner has no entitlement to relief).

Movant also claims that Attorney Posner was constitutionally ineffective for informing the Government that Movant was in possession of client files. Movant explains that she told Attorney Posner of these client files in confidence and asked that Attorney Posner not disclose them to the prosecution before trial. (ECF No. 2, PageID.104.) Movant acknowledges that she fully intended to introduce the client files at trial but claims that "it could have been used as a strategy since the government did not know that the Defendant had any files on her clients." (*Id.*)

Withholding client files until the time of trial in the face of a reciprocal discovery order is not a professionally reasonable "strategy;" it is a violation of Federal Rule of Criminal Procedure 16 and would have placed Movant at risk for sanctions. Rule 16 states that upon the government's compliance with a defendant's request for discovery, the defendant shall permit the government to inspect and copy documents and papers "within the defendant's possession, custody, or control and . . . [which] the defendant intends to use . . . in the defendant's case-in-chief at trial." Fed. R.

Crim. P. 16(b)(1)(A). Federal Rule of Criminal Procedure 16(d)(2) expressly provides that a district court may exclude evidence as a remedy for the failure to comply with the rule governing reciprocal discovery. *United States v. Hamilton*, 128 F.3d 996, 1003 (6th Cir. 1997) (finding that the district court did not violate the defendant's constitutional rights by excluding evidence as a sanction for violating Rule 16). Under these circumstances and with the threat that evidence would be excluded from use at trial, the Court cannot find Attorney Posner's conduct objectively unreasonable or "below 'prevailing professional norms.'" *Monea*, 914 F.3d at 419.

Moreover, Movant claims that the disclosure of the existence of the client files "caused damage to the Defendant's trial" (ECF No. 2, PageID.104); however, Movant fails to provide any basis for this conclusory allegation. In discussing Attorney Posner's conduct, Movant conveniently omits any discussion about whether and when the client files were provided to the Government. (*See id.*) Attorney Posner did not disclose the client files. *See* Motion to Withdraw, *Charles*, No. 1:15-cr-45 (ECF No. 19, PageID.243). It appears that the files were not in fact disclosed until the week before trial began. (*See* ECF No 19, PageID.242.) Movant fails to provide the Court with any facts or argument that would demonstrate how this disclosure at the eleventh hour prejudiced Movant's defense such that, but for Attorney Posner's disclosure of the existence of client files, the jury would have found Movant not guilty.

Because Movant has failed to demonstrate that the actions of Attorney Posner prejudiced Movant's defense, Movant is not entitled to relief based upon her claims that Attorney Posner provided Movant with ineffective assistance of counsel.

### C.      Claims of Ineffective Assistance of Counsel: Attorney Weiner-Vatter

#### 1.      Manner of Communication

Like her claims against Attorney Posner, Movant also alleges that Attorney Weiner-Vatter failed to adequately communicate with Movant and/or did so in a dismissive, callous, or hurried

manner. (ECF No. 2, PageID.107.) Specifically, Movant contends that Attorney Weiner-Vatter denied Movant's request to file a motion for change of venue, telling Movant that the "Judge will not grant the motion." (*Id.*) When Movant told Attorney Weiner-Vatter that she would not receive a fair trial because of media coverage, Attorney Weiner-Vatter said to Movant, "Who are you? O.J." (*Id.*, PageID.108.) Attorney Weiner-Vatter also told Plaintiff that she had "no emotions" and commented that she believed Movant to be guilty. (*Id.*)

Again, as with her previous claims, Movant fails to demonstrate how any of the foregoing allegations prejudiced Movant's defense in that it could be said that, without this behavior, the jury would have reached a different result. She cannot.

> [T]he appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such. If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Morris v. Slappy*, 461 U.S. 1 (1983).

*United States v. Cronic*, 466 U.S. 648, 657 n. 21 (1984). Movant fails to provide this Court with any argument or evidence to suggest that, in communicating with Movant in a way that Movant found offensive, Attorney Weiner-Vatter failed to effectively represent Movant in the adversarial process.

### 2.    Failure to Obtain Witness Testimony for Trial

Movant further contends that Attorney Weiner-Vatter was ineffective for failing to properly secure witness testimony for trial. (ECF No. 2, PageID.109.) Movant first states that she gave Attorney Weiner-Vatter lists of witnesses, but Attorney Weiner-Vatter failed to ensure that the witnesses were subpoenaed in a timely manner. As a result, only three of the six anticipated defense witnesses testified at trial. (*Id.*)

On the issue of prejudice, Movant claims that "[t]his is clearly an error of counsel which prejudiced the Defendant which had an effect on determ[in]ing the outcome of trial." (*Id.*)

However, simply saying so does not make it so. Movant fails to explain the nature of these witnesses' testimony, how that testimony would have been helpful to the defense in a way that would have altered the outcome at trial, or whether these witnesses would even have been available to testify. Movant has simply offered nothing to support a conclusion that counsel's failure to present the testimony of three unidentified witnesses resulted in prejudice. *See Tinsley v. Million,* 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petitioner did not "introduce [ ] affidavits or any other evidence establishing what they would have said"); *United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) ("[T]he testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit; [a] defendant cannot simply state that the testimony would have been favorable, [as] self-serving speculation will not sustain an ineffective assistance claim.") (footnote omitted)).

Second, Movant faults Attorney Weiner-Vatter for failing to call Christina Kinnee to testify to undermine the credibility of the Government's witness, LaTasha West. (ECF No. 2, PageID.109.) "[W]hether to call a witness and how to conduct a witness'[s] testimony are classic questions of trial strategy that merit *Strickland* deference." *Rayborn v. United States*, 489 Fed. App'x 871, 878 (6th Cir. 2012). And, as discussed above, Movant cannot simply state in a conclusory fashion that the proposed testimony would have been favorable. *Ashimi*, 932 F.2d at 650. "When a defendant claims that his attorney failed to call a witness at trial, he must '[a]t the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense.'" *United States v. Tilghman*, No. 07-cr-138-KSF, 2013 WL 4735578, at *10 (E.D. Ky. Sept. 3, 2013) (quoting *Talley v. United States*, No. 1:00-cv-74, 2006 WL

3422997, at *10 (E.D. Tenn. Nov. 27, 2006)). Movant submits no such evidence. Moreover, Movant fails to demonstrate how, in light of the overwhelming evidence presented against Movant at trial, this witness called solely for the purpose of impeachment would have altered the course of events.

Third, Movant claims that Attorney Weiner-Vatter had unidentified "evidence that would have impeached the Government witnesses" (ECF No. 2, PageID.111), should have called Private Investigator Kim Downey to testify that Witness Blasa Dixon became upset and physically assaulted Downey when she learned that Downey was not from the IRS but was an investigator hired by the defense (*id.*, PageID.112), and should have entered a tax return into evidence to impeach Witness Debra Warren who stated that a woman did her 2011 tax return and stole her refund, but testified at trial that she never did a 2011 tax return (*id.*). None of these assertions demonstrate ineffective assistance of counsel.

Defense counsel's decisions as to how to conduct the "cross-examination[ ] or lack of cross-examination" of witnesses is "effectively insulated" from ineffective assistance of counsel challenges when based on "trial strategy." *Hurley v. United States*, 10 F. App'x 257, 260 (6th Cir. 2001). Here, Movant cannot rebut the strong presumption that Attorney Weiner-Vatter's actions were the product of sound trial strategy. *Strickland,* 466 U.S. at 690 ("[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). Movant does not describe with any detail or supporting evidence the impeachment evidence she claims could have been used to discredit "Government witnesses" and fails to demonstrate how impeaching Witness Debra Warren with the existence of a 2011 tax return, the refund for which was stolen from her by another tax preparer, would have been helpful to Movant's defense. Finally, the Court can see good reason

13

for counsel's decision not to draw attention to the actions of the defense's private investigator, which may have been interpreted as deceptive or, at the very least, misleading. Accordingly, the Court cannot find the strategic decisions of Attorney Weiner-Vatter to have been professionally unreasonable given the circumstances.

### 3.      Failure to Present an Alibi Defense

Movant presents a nonsensical argument that Attorney Weiner-Vatter was ineffective for failing to raise an alibi defense at trial. (ECF No. 2, PageID.110.) Movant fails to offer any argument as to why an alibi defense would apply in a case involving charges of making false claims against the United States and filing false and fraudulent tax returns, particularly where the defense presented at trial was that Movant did in fact prepare tax returns but relied upon the information provided to her by her clients. *See* Dec. 2, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 104, PageID.688–91). Movant does not provide the Court with anything that would logically connect this argument to her case, let alone evidence which would satisfy the *Strickland* standard for ineffective assistance of counsel.

### 4.      Failure to Retain Experts

Movant faults Attorney Weiner-Vatter for failing to retain a defense handwriting expert. (ECF No. 2, PageID.114.) She contends that an expert witness could have testified that the handwriting on tax documents belonged to Government witnesses, rather than Movant. (*Id.*) Movant also contends that Attorney Weiner-Vatter was ineffective for refusing to retain the services of Dr. Fiona Chen, identified by Movant as a "forensic accountant/ex-IRS agent." (*Id.*) However, Movant again cannot maintain claims for ineffective assistance of counsel based upon counsel's alleged failure to call expert witnesses where Movant has presented no evidence to support her claims regarding the supposedly helpful missing testimony. As discussed in detail above, to maintain a claim for ineffective assistance of counsel based upon a failure to call a

witness, the movant must "introduce . . . affidavits or any other evidence establishing what they would have said." *Tinsley,* 399 F.3d at 810 (6th Cir. 2005). Movant has presented no evidence to support her claims that counsel was ineffective for failing to call hypothetical expert witnesses to present hypothetical expert testimony. This failure is fatal to Movant's claims.

### 5. Jury Composition

Movant contends that Attorney Weiner-Vatter was ineffective in failing to challenge the makeup of the jury, which did not include any minority jurors. Any such challenge to the makeup of the jury would be—like Movant's ineffective assistance of counsel claim—meritless.

"The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." *Berghuis v. Smith*, 559 U.S. 314, 319 (2010). But Movant's argument, focusing on the venire panel or the jury ultimately selected, is misguided. "[D]efendants are not entitled to a jury of any particular composition[.]" *Garcia-Dorantes v. Warren*, 801 F.3d 584, 599 (6th Cir. 2015) (quoting *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975)). "There is 'no requirement that the petit jury mirror the community and reflect the various distinctive groups in the population.'" *Id.* (quoting *Taylor*, 419 U.S. at 538). "The focus, therefore, is on the procedure for selecting juries, and not the outcome of that process." *Ambrose*, 684 F.3d at 645. "[T]he composition of one panel does not indicate whether a fair cross-section claim exists." *Id.*

To show a violation of the fair-cross section requirement, a defendant must show (1) that the excluded group is a "distinctive" group in the community; (2) that the group's representation in the venires is unfair and unreasonable compared to its representation in the community; and (3) the underrepresentation is due to systematic exclusion in the jury-selection process. *United States v. Edmond*, 815 F.3d 1032, 1044 (6th Cir. 2016), *cert. granted, judgment vacated on other grounds sub nom. Harper v. United States*, 581 U.S. 912 (2017) (quoting *Duren v. Missouri*, 439 U.S. 357,

364 (1979)). Here, the record demonstrates that the Western District of Michigan relied upon the use of voter rolls, driver's license registrations, and Michigan identification cards in the jury-selection process. *See* Dec. 2, 2015, Tr., (ECF No. 104, PageID.668–69). There is nothing in the record or otherwise that could have indicated that this method of selection resulted in the "systematic exclusion" of minority jurors.

Contrary to Movant's arguments, Attorney Weiner-Vatter did in fact object to the makeup of the jury. *See* Dec. 2, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 104, PageID.668–69). However, to the extent that Movant faults Attorney Weiner-Vatter for not pursuing this objection further, "omitting meritless arguments is neither professionally unreasonable nor prejudicial." *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013); *see also Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) ("No prejudice flows from the failure to raise a meritless claim."). Because any challenge to the jury selection process would have been meritless, the Court finds that Attorney Weiner-Vatter cannot be found ineffective for failing to pursue that challenge further.

### 6.    Discussions and Meeting Regarding Potential Plea Agreement

Movant next claims that Attorney Weiner-Vatter provided ineffective assistance of counsel when she advised Movant "that if [Movant] went to trial and lost, [Movant] would get sentenced to 22 years in prison." (ECF No. 2, PageID.115.) Movant contends that this "material misrepresentation" occurred in the course of a discussion of a possible plea agreement and that, because of the statement by Attorney Weiner-Vatter, Movant "was so misled . . . that she considered taking the deal even though she felt confident in her evidence to proceed to trial." (*Id.*) Movant also faults Attorney Weiner-Vatter for meeting with the Government to discuss a potential plea agreement. (*Id.*)

Movant's claim entirely disregards the *Strickland* standard. Plainly, Movant did not "tak[e] the deal." Therefore, Movant has provided the Court with no basis whatsoever to conclude that the

discussions between Movant and her counsel in which Movant felt pressured to plead guilty or the meetings between defense counsel and the Government regarding a potential plea deal had any bearing on the jury's eventual guilty verdict.

### 7.    Post Trial Motions

Movant contends that Attorney Weiner-Vatter should have filed a post-trial motion claiming that Government witness, Agent Urlaub, committed perjury when Agent Urlaub testified at trial, "Oh, I don't recall the bank's name, but it was not one of the banks where Miss Charles banked at, it was a different bank." *See* Dec. 3, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 105, PageID.984.) Such a motion would have been meritless, if not patently frivolous.

The Sixth Circuit has articulated the following standard for claims for alleged false testimony:

> The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false. The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony.

*Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998) (quoting *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir.1989)).

Here, the record indicates that Agent Urlaub testified only that he did not recall the name of the bank. Movant has not presented this Court with any evidence that his lack of recollection at the time of trial was false, let alone that the prosecution knowingly solicited this fabricated testimony. And, even if the Court were to presume this testimony was false, the Court would not find that there is a reasonable likelihood that it could have affected the judgment of the jury. As a

result, Movant fails to present a viable claim of ineffective assistance of counsel based upon counsel's failure to file a post-trial motion concerning Agent Urlaub's testimony.

Movant also contends that Attorney Weiner-Vatter erred in refusing to include Counts 26 and 27 in Movant's motion for acquittal and motion for a new trial. (ECF No. 2, PageID.117.) Observing that Movant had not included these counts in her motion, the Court explained, "At trial, the Government presented evidence establishing that, on her 2011 and 2012 tax returns, Charles claimed a dependant. The individual named as a dependant was not her child and had passed away." *See* Ord., *Charles*, No. 1:15-cr-45 (ECF No. 85, PageID.354.) Movant fails to present any argument or evidence to dispute this finding, and the Court cannot conclude that counsel's decision not to challenge the jury's finding on Counts 26 and 27, where evidence existed to demonstrate that Movant claimed a deceased child on her tax returns, was professionally unreasonable.

### 8.    Failure to Present a Coherent Theory of Defense

Movant states that Attorney Weiner-Vatter failed to articulate and present a coherent theory of defense. (ECF No. 2, PageID.117.) However, Movant presents nothing more than a conclusory argument.

As a general rule, a lawyer is not required by the Sixth Amendment to present a single, coherent defense theory. *Hendricks v. Calderon,* 70 F.3d 1032, 1041 (9th Cir.1995), *cert. denied,* 517 U.S. 1111 (1996). Trial counsel's decision as to which theory or theories to advance at trial is a strategic choice that is accorded a high level of deference. *See Davis,* 658 F.3d at 538. Counsel for a criminal defendant may, in the exercise of her professional judgment, present inconsistent defense theories without running the risk that such tactics will later be deemed ineffective assistance of counsel. *Brown v. Dixon,* 891 F.2d 490, 495 (4th Cir.1989); *see also Singleton v. Lockhart,* 871 F.2d 1395, 1400 (8th Cir.1989) ("There is nothing unusual about arguing inconsistent or alternative theories of defense.").

18

Here, Movant fails to identify any particulars regarding the defense offered by counsel or discuss how the theory presented by Attorney Weiner-Vatter—that Movant relied upon the information provided to her by her clients, *see Charles*, No. 1:15-cr-45 (ECF No. 104, PageID.688–91)—was somehow incoherent and professionally unreasonable. Indeed, the record reveals that Attorney Weiner-Vatter maintained a vigorous and consistent defense at trial, cross examining Government witnesses on prior false statements and acts of fraud in support of Movant's position that the clients, not Movant, were the source of any alleged false statements.

Movant relies upon *Com. v. Farley*, 432 Mass. 153, 157, 732 N.E.2d 893, 896 (2000), in support of her claim of ineffective assistance of counsel; however, the Court has reviewed the entire record and concludes that the deficiencies found to constitute "ineffective assistance" in *Farley* are not apparent in the defense prepared by Movant's counsel. Movant wholly fails to carry her burden with respect to this argument and is not entitled to relief.

### 9. Failure to Object to Statements by the Prosecution

As alternate grounds for her ineffective assistance claim, Movant cites defense counsel's failure to object to statements by the prosecution during closing argument that Movant deemed "prosecutorial misconduct." (ECF No. 2, PageID.118.) Movant's claim requires that the Court first analyze whether Movant has provided evidence of the type of prosecutorial misconduct that would warrant relief, and then whether Movant has carried her burden of demonstrating that her counsel's failure to object to the misconduct satisfies the *Strickland* standard for ineffective assistance of counsel.

At its core, a prosecutorial misconduct claim concerns "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). The Sixth Circuit has explained that "a court's role is to determine whether

[alleged prosecutorial misconduct] was so egregious as to render the entire trial fundamentally unfair." *Millender v. Adams*, 376 F.3d 520, 526 (6th Cir. 2004) (citations omitted). "In conducting such a determination, a reviewing court first decides whether the alleged misconduct was improper and, if it was, then decides whether the misconduct was so flagrant as to constitute a denial of due process and warranting granting a writ." *Id.* (internal quotation marks and citations omitted). If the misconduct by the prosecutor was both improper and flagrant, the court must then determine whether trial counsel's failure to object amounted to deficient performance and prejudice under *Strickland. See, e.g., Walker v. Morrow*, 458 F. App'x 475, 487–92 (6th Cir. 2012) (analyzing the petitioner's ineffective-assistance-of-counsel claim based on the petitioner's failure to object to prosecutorial misconduct).

In addressing a claim for ineffective assistance of counsel in the context of a failure to object, the Sixth Circuit has explained:

> As a threshold matter, in a trial of any size, numerous potentially objectionable events occur. "[T]he Constitution does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Moreover, experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment. Learned counsel therefore use objections in a tactical manner. In light of this, any single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial to a client that failure to object essentially defaults the case to the state. Otherwise, defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice.

*Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006). Therefore, "an ineffective assistance of counsel claim based on trial counsel's failure to object to prosecutorial misconduct 'hinges on whether the prosecutor's misconduct was plain enough for a minimally competent counsel to have objected.'" *Stojetz v. Ishee*, 892 F.3d 175, 203 (6th Cir. 2018) (citing *Wilson v. Bell*, 368 F. App'x 627, 636 (6th Cir. 2010)).

Here, Movant relies upon five comments by the prosecutor during closing argument: (1) "She's got two prior convictions involving dishonesty; selling counterfeit purses and bootleg videos." Dec. 8, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 107, PageID.1239); (2) "Probably went to college" *id.*; (3) "Even though she finally admitted during cross examination on Friday, well, yes, there are – there is a version of Tax Hawk, the very program I showed the jury, that tax preparers are supposed to use that allows her to comply with the law and sign" *id.* (ECF No. 107, PageID.1238); (4) "She's not dumb" and "[c]ertainly is smart . . ." *id.* (ECF No. 107, PageID.1239); and (5) ". . . all ten of these witnesses that you heard from could have saved themselves a world of heartache if they hadn't done what Miss Caper did that came in and testified, if they just go along with the lie, yes, I did all the things that are on my tax return" *id.*, (ECF No. 107, PageID.1240). (ECF No. 2, PageID.118–19.)

First, Movant fails to demonstrate that comments (1), (3), and (4) were improper. Movant's own testimony at trial reveals that Movant was convicted of the crime of false pretenses "[b]y having possession of knock-off purses" and "selling pirated videos during 2010." Dec. 4, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 106, PageID.1175–76). Movant also acknowledged on cross examination during a line of questioning regarding Tax Hawk that she knew that, "to comply with the law [she was] required to indicate even on an electronic return that [she] prepare other people's tax return for money," that "there [are] ways to do that," and that she "didn't do it on any of these returns . . ." *Id.*, (ECF No. 106, PageID.1178.) The statements by the prosecutor on these issues were, therefore, neither misleading nor misstatements of the evidence.

As to the prosecutor's comments that Movant was "not dumb" and "smart," Dec. 8, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 107, PageID.1239), Movant alleges that the prosecutor was improperly offering his own personal belief or personal knowledge about Movant's "bad

character." (ECF No. 2, PageID.119.) Comments regarding Movant's basic level of intelligence do not amount to comments of Movant "bad character," let alone comments that "dwell[] on a defendant's bad character to prove that he or she committed the crime charged." *Cristini v. McKee*, 526 F.3d 888, 899 (6th Cir. 2008). It is true that a prosecuting attorney may not offer any "improper suggestions, insinuations, and, especially, assertions of personal knowledge," as these "are apt to carry much weight against the accused when they should properly carry none." *Berger v. United States,* 295 U.S. 78, 88 (1935); *see also United States v. Kerr,* 981 F.2d 1050, 1052–53 (9th Cir. 1992). However, the prosecutor's comments as to Movant's intelligence did not imply personal knowledge but asked the jury to draw reasonable inferences based upon the evidence introduced at trial, including that Movant attended college, has "a lot of business experience," learned how to prepare tax returns and how to teach people to prepare their own returns, wrote and published a book to educate people on preparing their own taxes, Dec. 4, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 106, PageID.1112–16), and was capable of preparing a sample tax return online, *id.* (ECF No. 106, PageID.1159–74). They were also comments based upon Movant's own theory of defense—that Movant was simply deceived by the false statements of her clients. Because these statements do not amount to prosecutorial misconduct, the Court fails to see any basis for an objection by defense counsel.

To the extent that any of the foregoing statements by the prosecutor were at all misleading, the trial court explicitly advised the jury that they were to base their decisions on the evidence alone, and that "[t]he lawyers['] statements and arguments are not evidence." Dec. 8, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 107, PageID.1254.) "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

Movant has not demonstrated that the prosecutor's comments during closing "so infected the trial with unfairness" that Petitioner was denied due process. Thus, any variance between the prosecutor's arguments and the evidence introduced during trial did not prejudice Movant or violate her confrontation rights, in light of the court's instructions to the jury. *See United States v. Campbell*, 317 F.3d 597, 606–07 (6th Cir. 2003).

Second, Movant faults the prosecutor for commenting that Movant "[p]robably went to college" Dec. 8, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 107, PageID.1239), when evidence was presented at trial that Movant did in fact go to college. (ECF No. 2, PageID.118.) Nothing in the record suggests that this isolated comment was intentional or prejudicial given the overwhelming evidence presented against Movant at trial and the purpose for which this comment was made. Examined in context, the record reveals that the prosecutor offered the comment as to Movant's education to argue that Movant was "smart enough to pull a scam like this." Dec. 8, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 107, PageID.1239). As discussed above, the Court does not find such comments to be "misconduct."

Moreover,

> "not drawing attention to [a] statement may be perfectly sound from a tactical standpoint." *United States v. Caver,* 470 F.3d 220, 244 (6th Cir. 2006). To breach the unreasonableness threshold, "defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice." *Lundgren v. Mitchell,* 440 F.3d 754, 774–75 (6th Cir. 2006). Conversely, "any single failure to object [to closing arguments] usually cannot be said to have been error." *Id.* at 774.

*Schauer v. McKee*, 401 F. App'x 97, 100–01 (6th Cir. 2010).

Here, the prosecution's statement was made in the following context: "I believe, one thing I believe about her is that she's not dumb. Probably went to college. Certainly is smart enough to pull a scam like this" Dec. 8, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 107, PageID.1239).

Therefore, a correct recitation of the record evidence—that Movant did in fact go to college—would only serve to bolster the prosecutor's argument. Therefore, the Court cannot find Attorney Weiner-Vatter's decision to refrain from objecting to be professionally unreasonable.

Third, Movant contends that the prosecutor improperly vouched for the credibility of the ten Government witnesses. "Improper vouching occurs when a jury could reasonably believe that a prosecutor was indicating personal belief in a witness' [sic] credibility." *Taylor v. United States,* 985 F.2d 844, 846 (6th Cir. 1993). When a prosecutor offers the jury his or her personal belief regarding a witness's credibility, he or she is essentially "placing the prestige of the [government] behind the witness." *United States v. Francis,* 170 F.3d 546, 550 (6th Cir. 1999); *see also Hodge v. Hurley*, 426 F.3d 368, 378–79 (6th Cir. 2005) (noting that comments on credibility "not coupled with a more detailed analysis of the evidence . . . convey an impression to the jury that they should simply trust the State's judgment" that a witness is or is not credible).

There is nothing to indicate that the prosecutor was offering his own personal opinion that the Government witnesses were truthful. Instead, the prosecutor invited the jury to draw a reasonable inference based upon the evidence adduced at trial that the witnesses would have encountered less problems had they testified that they "did all the things that are on [their] tax return[s]," Dec. 8, 2015, Tr., *Charles*, No. 1:15-cr-45 (ECF No. 107, PageID.1240). *See Bates v. Bell,* 402 F.3d 635, 646 (6th Cir. 2005) ("To be certain, prosecutors can argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence. But, they can not put forth their opinions as to credibility of a witness, guilt of a defendant, or appropriateness of capital punishment.") The Court does not find that the prosecutor went beyond fair comment on the evidence in offering the challenged remarks.

Moreover, even if the Court were to assume that the prosecution's remarks were improper, the pertinent question is whether counsel's failure to object was both objectively unreasonable and prejudicial. Movant fails to carry her burden as to either inquiry. The Court can readily see a scenario in which defense counsel may not have wanted to draw attention to these minimal remarks. Accordingly, the Court does not find that Attorney Weiner-Vatter was constitutionally ineffective in failing to object to this or any other statement cited by Movant.

### D.      Claims of Ineffective Assistance of Counsel: Attorney Kenneth Tableman

Movant also claims that her appellate counsel, Attorney Kenneth Tableman, was constitutionally ineffective. The *Strickland* standard that applies to trial counsel also applies to appellate counsel. However, a criminal appellant has no constitutional right to have every non-frivolous issue raised on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

Here, Movant contends that Attorney Kenneth Tableman was ineffective for refusing to include Movant's arguments regarding ineffective assistance of trial counsel within Movant's brief on direct appeal. (ECF No. 2, PageID.127–28.) Movant certainly cannot demonstrate that the

issues of ineffective assistance of trial counsel were "clearly stronger than issues that counsel did present," *Smith*, 528 U.S. at 289. As set forth herein, the Court finds Movant's arguments of ineffective assistance of counsel to be meritless. Because "omitting meritless arguments is neither professionally unreasonable nor prejudicial," *Coley*, 706 F.3d at 752, the Court finds that appellate counsel cannot be found ineffective for declining to raise them.

## IV.   Pending Motions

In addition to her § 2255 motion and reply, Movant has filed several additional motions. The Court will address each of Movant's motions in turn.

First, on May 3, 2018, Movant filed a motion (ECF No. 17) seeking a copy of affidavits of her attorneys in advance of the Government's deadline to submit its answer to Movant's § 2255 motion. The Court cannot discern any basis for Movant's request given that no action is required of Movant by the deadline for the Government's response. Nonetheless, the affidavits of Attorneys Tableman and Weiner-Vatter were in fact filed prior to the filing of the Government's response. Therefore, the Court will deny Movant's motion (ECF No. 17) as moot.

Second, Movant has filed a motion seeking that the Court order an affidavit from Attorney Weiner-Vatter. (ECF No. 22). Attorney Weiner-Vatter filed a Rule 5 Affidavit on April 19, 2018. (ECF No. 12). Accordingly, the Court will deny this motion (ECF No. 22) as moot as well.

Third, Movant has filed a motion to appoint counsel (ECF No. 23). The Court may appoint counsel to assist with a § 2255 motion "[w]henever the United States Magistrate or the court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). Because the Court finds that Movant's arguments are legally meritless, the Court concludes that the interest of justice would not be served by the appointment of counsel and will deny Movant's motion.

Finally, Movant has filed a motion for "emergency bail" hearing (ECF No. 24), motion to expedite this Court's disposition of her § 2255 motion (ECF No. 25), and a motion seeking a status

update (ECF No. 26). The record indicates that Movant is no longer in custody. In light of Movant's release and the Court's present decision, the Court will deny Movant's remaining motions as moot.

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Movant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Movant's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review but must limit its examination to a threshold inquiry into the underlying merit of Movant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Movant's claim was debatable or wrong. Therefore, the Court will deny Movant a certificate of appealability. For the reasons set forth herein, the Court also finds that any argument that Movant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## VI.    Conclusion

For the foregoing reasons, Movant's § 2255 motion, as well as a certificate of appealability, will be denied. Movant's other pending motions will also be denied. Accordingly,

**IT IS ORDERED** that Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion to request affidavits of her attorneys prior to the deadline for the Government's response brief (ECF No. 17), motion seeking the Court to order an affidavit from Attorney Weiner-Vatter (ECF No. 22), motion to appoint counsel (ECF No. 23), motion for "emergency bail" hearing (ECF No. 24), motion to expedite this Court's disposition of her § 2255 motion (ECF No. 25), and a motion seeking a status update (ECF No. 26) are **DENIED.**

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).


Dated:    September 25, 2024                               /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge